UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

BOOMCLOUD 360, INC.,

                  Plaintiff,

      v.

BEST BUY CO., INC.,

                  Defendant.

Case No.  26-00488

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT AGAINST
## BEST BUY CO., INC.

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Boomcloud 360, Inc. ("Plaintiff" or "Boomcloud") makes the following allegations against Defendant Best Buy Co., Inc. ("Defendant" or "Best Buy"):

### INTRODUCTION

1. This complaint arises from Defendant's unlawful infringement of the following United States patents owned by Boomcloud, each of which generally relate to improved audio rendering and spatial audio: United States Patent Nos. 10,721,564 ("'564 Patent"), 10,757,527 ("'527 Patent"), and 10,313,820 ("'820 Patent") (collectively, the "Asserted Patents"). Boomcloud owns all right, title, and interest in each of the Asserted Patents to file this case.

2. Boomcloud is an innovator and pioneer in audio rendering and spatial audio. Boomcloud spent years developing sophisticated solutions for audio rendering and currently holds more than 196 issued patents. Boomcloud's innovative solutions apply to a wide range of devices and enable a more immersive audio experience than traditional solutions. Its solutions and

1

technology have been praised by a number of publications, including, for example:



**WIRED MAGAZINE**

"Hand to God, it works."

**BLOOMBERG**

"It was like sitting in a brilliantly-tuned room and I really enjoyed it."

**MACWORLD**

"Unlike lossless compression, you can actually hear the difference."



**CNN**

"...with Beats headphones, the sound was off-the-charts awesome."

https://www.boomcloud360.com.

# This Will Make Your iPhone Sound SO Much Better

CHRISTINA BONNINGTON

JANUARY 3, 2016, 5:00 AM

https://www.refinery29.com/en-us/2016/01/100350/boomcloud-boomstick-audio-review#:~:text=The%20Boomstick%20is%20an%20oval,sounds%20noticeably%20better%2C%20and%20louder.

> While Jay-Z (Tidal) and Neil Young (Pono) are advocating for audio fidelity via lossless compression, the BoomStick uses an ingenious approach to improving sound quality. And unlike lossless compression, you can actually hear the difference. The device uses proprietary algorithms to decide which parts of a song it should amplify by tapping into psychoacoustic bass enhancements, sound-field expansion, and high frequency contouring to bring out definition, clarity, and detail in song instrumentation. These algorithms also work to augment the sound in movies, too.

https://www.macworld.com/article/227084/this-gadget-makes-your-cheap-apple-earpods-sound-almost-as-good-as-beats.html.

3. Boomcloud's novel audio rendering solutions are valuable and have been licensed and implemented by several large companies, including Verizon, Boost Mobile, and Qualcomm. For example, Verizon's implementation of Boomcloud's solution is marketed as "Verizon Adaptive Sound" and has been touted for its exceptional capabilities:

> Play any music, video or a game and Adaptive Sound will optimize the content for your device automatically, according to Verizon. You'll be able to adjust some settings, such as treble, bass, spatial and voice options. You'll have sound profiles to pick from too.

https://www.engadget.com/verizon-adaptive-sound-spatial-audio-motorola-162018575.html.

### **NOTICE OF THE ASSERTED PATENTS**

4. The patented technologies which are the subject of this lawsuit are well known to the Defendant.

5. At least between January and April 2022, Boomcloud engaged in discussions with representatives from Best Buy regarding BoomCloud's technology.

6. However, Best Buy never finalized a licensing agreement, instead choosing to infringe the claims of Boomcloud's patented technology, as described further herein.

3

**PARTIES**

7.      Boomcloud 360, Inc. is a corporation organized and existing under the laws of Delaware and has a place of business at 687 South Coast Hwy 101, Suite # 311, Encinitas, CA 92024.

8.      On information and belief, Defendant Best Buy Co., Inc. ("Best Buy") is a corporation organized under the laws of Minnesota, with regular and established places of business in this District, including at 5514 South Broadway Avenue, Tyler, Texas 75703; 4210 Saint Michael Drive, Texarkana, Texas 75503; 823 North Creek Drive, Sherman, Texas 75092; 2800 North Central Expressway, Plano, Texas 75075; 1751 North Central Expressway, McKinney, Texas 75070; 3333 Preston Road, Frisco, Texas 75034; 5299 Eldorado Parkway, Frisco, Texas 75033; and at 190 East Stacy Road, Allen, Texas 75002. Best Buy may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

**JURISDICTION AND VENUE**

9.      This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.      This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this

4

District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents, and inducing others to do the same. Defendant regularly conducts and solicits business in, engage in other persistent courses of conduct in, and/or derive substantial revenue from goods and services provided to the residents of this District and the State of Texas. Defendant is subject to jurisdiction pursuant to due process and/or the Texas Long Arm Statute due to its substantial business in this State and District including at least its infringing activities, regularly doing or soliciting business at its Texas facilities, and engaging in persistent conduct and deriving substantial revenues from goods and services provided to residents in the State of Texas including the Eastern District of Texas.

11.     Best Buy, directly and/or through subsidiaries or intermediaries, has purposefully and voluntarily placed one or more products and/or services in the stream of commerce that practice the Asserted Patents with the intention and expectation that they will be purchased and used by consumers in the Eastern District of Texas. These products and/or services have been and continue to be purchased and used in the Eastern District of Texas.

12.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).   On information and belief, Defendant has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, making, using, importing, offering to sell, and selling products that infringe the Asserted Patents.

13.     Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c), (d), and 1400(b). Defendant Best Buy Co., Inc. is registered to do business in Texas, and upon information and belief, Defendant has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the asserted patents. Defendant has regular and

established places of businesses in this District.

14.    Further, upon information and belief, Best Buy has admitted or not contested proper venue in this Judicial District in other patent infringement actions.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 10,721,564

15.    Boomcloud realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

16.    Boomcloud owns all rights, title, and interest in U.S. Patent No. 10,721,564 ('564 Patent), titled "Subband Spatial and Crosstalk Cancellation for Audio reporoduction." The '564 Patent was duly and legally issued by the United States Patent and Trademark Office on July 21, 2020. A true and correct copy of the '564 Patent is attached as **Exhibit 1.**

17.    On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports electronic devices supporting spatial audio ("Accused Products"), including without limitation, the Samsung Galaxy Tab S10 FE, S10, S10 5G, S10 Lite, S10e, S20, S20 5G, S20 FE, S20 FE 5G, S20 Ultra, S20 Ultra 5G, S20+, S21, S21 5G, S21 FE, S21 FE 5G, S21 Ultra, S21 Ultra 5G, S21+, S21+ 5G, S22, S22 Ultra, S22 5G, S22+, S22+ 5G, S23, S23+, S23 5G, S23 Ultra, S24, S24 Ultra, S24+, S25, S25 Ultra, S25+, Note 10, Note 10+, Note 10+ 5G, Note 20, Note 20 Ultra 5G, A52, A52 5G, A53 5G, A54 5G, A55 5G, Z Flip 3, Z Flip 4, Z Flip 5, Z Flip 6, Z Fold 2, Z Fold 3, Z Fold 4, Z Fold 5, and Z Fold 6 models, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '564 Patent.

18.    The Accused Products satisfy all claim limitations of one or more claims of the '564 Patent, including claim 6. A claim chart comparing independent claim 6 of the '564 patent to a representative Accused Product, is attached as **Exhibit 2**, which is hereby incorporated by

reference in its entirety.

19.    Defendant also knowingly and intentionally induces infringement of one or more claims of the '564 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint and/or earlier, as set forth above, Defendant has had knowledge of the '564 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '564 Patent, Defendant continues to make, use, sell, and offer for sale the Accused Products, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the Accused Products in ways that directly infringe the '564 Patent (for example, through user manuals and instruction materials on its website and/or otherwise provided to customers). Defendant does so knowing and intending that these companies and their customers will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '564 Patent, thereby specifically intending for and inducing its customers to infringe the '564 Patent through the customers' normal and customary use of the Accused Products. Defendant also knew or was willfully blind that its actions would induce direct infringement by others and intended that its actions would induce direct infringement by others. Accordingly, a reasonable inference is that Defendant specifically intended for others, such as its authorized third parties, end users, or customers, to directly infringe one or more claims of Boomcloud's '564 Patent in the United States because Defendant had knowledge of the '564 Patent and actively induced others (*e.g.,* its customers) to directly infringe the '564 Patent.

20.    Defendant has also infringed, and continues to infringe, claims of the '564 Patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Products, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention. Defendant knows the components in the Accused

Products to be especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial non-infringing use. Accordingly, Defendant has been, and currently is, contributorily infringing the '564 Patent, in violation of 35 U.S.C. § 271(c).

21.     Defendant's infringement of the '564 Patent has been willful. Defendant had pre-suit knowledge of the Asserted Patents and their relevance to Best Buy's spatial-audio products through licensing discussions with Boomcloud and nevertheless infringes in conscious disregard of Boomcloud's patent rights.

22.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Boomcloud and is liable for infringement of the '564 Patent pursuant to 35 U.S.C. § 271.

23.     As a result of Defendant's infringement of the '564 Patent, Boomcloud is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

24.     Defendant's infringing activities have injured and will continue to injure Boomcloud, unless and until this Court enters an injunction prohibiting further infringement of the '564 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

25.     Defendant also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continues to infringe the '564 Patent through making, using, selling, offering to sell and/or importing Accused Products with knowledge that these activities infringe the '564 Patent. Boomcloud is therefore entitled to enhanced damages.

26.     Boomcloud's '564 Patent is valid and enforceable.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 10,757,527

27.     Boomcloud realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

28.     Boomcloud owns all rights, title, and interest in U.S. Patent No. 10,757,527 ("'527 Patent"), titled "Crosstalk Cancellation B-Chain." The '527 Patent was duly and legally issued by the United States Patent and Trademark Office on August 25, 2020. A true and correct copy of the '527 Patent is attached as **Exhibit 3.**

29.     On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports electronic devices supporting spatial audio ("Accused Products"), including without limitation, S10, S10 5G, S10 Lite, S10e, S20, S20 5G, S20 FE, S20 FE 5G, S20 Ultra, S20 Ultra 5G, S20+, S21, S21 5G, S21 FE, S21 FE 5G, S21 Ultra, S21 Ultra 5G, S21+, S21+ 5G, S22, S22 Ultra, S22 5G, S22+, S22+ 5G, S23, S23+, S23 5G, S23 Ultra, S24, S24 Ultra, S24+, S25, S25 Ultra, S25+, Note 10, Note 10+, Note 10+ 5G, Note 20, Note 20 Ultra 5G, A52, A52 5G, A53 5G, A54 5G, A55 5G, Z Flip 3, Z Flip 4, Z Flip 5, Z Flip 6, Z Fold 2, Z Fold 3, Z Fold 4, Z Fold 5, and Z Fold 6 models, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '527 Patent.

30.     The Accused Products satisfy all claim limitations of one or more claims of the '527 Patent, including claim 21. A claim chart comparing independent claim 21 of the '527 Patent to a representative Accused Product, is attached as **Exhibit 4**, which is hereby incorporated by reference in its entirety.

31.     Defendant also knowingly and intentionally induces infringement of one or more

9

claims of the '527 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint and/or earlier, as set forth above, Defendant has had knowledge of the '527 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '527 Patent, Defendant continues to make, use, sell, and/or offer for sale the Accused Products, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the Accused Products in ways that directly infringe the '527 Patent (for example, through user manuals and instruction materials on its website and/or otherwise provided to customers). Defendant does so knowing and intending that these companies and their customers will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '527 Patent, thereby specifically intending for and inducing its customers to infringe the '527 Patent through the customers' normal and customary use of the Accused Products. Defendant also knew or was willfully blind that its actions would induce direct infringement by others and intended that its actions would induce direct infringement by others. Accordingly, a reasonable inference is that Defendant specifically intended for others, such as its authorized third parties, end users, or customers, to directly infringe one or more claims of Boomcloud's '527 Patent in the United States because Defendant had knowledge of the '527 Patent and actively induced others (*e.g.,* its customers) to directly infringe the '527 Patent.

32.    Defendant has also infringed, and continues to infringe, claims of the '527 Patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Products, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention. Defendant knows the components in the Accused Products to be especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial non-infringing use.

10

Accordingly, Defendant has been, and currently is, contributorily infringing the '527 patent, in violation of 35 U.S.C. § 271(c).

33.    Defendant's infringement of the '527 Patent has been willful. Defendant had pre-suit knowledge of the Asserted Patents and their relevance to Defendant's spatial-audio products through licensing discussions with Boomcloud and nevertheless infringes in conscious disregard of Boomcloud's patent rights.

34.    By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Boomcloud and is liable for infringement of the '527 Patent pursuant to 35 U.S.C. § 271.

35.    As a result of Defendant's infringement of the '527 Patent, Boomcloud is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

36.    Defendant's infringing activities have injured and will continue to injure Boomcloud, unless and until this Court enters an injunction prohibiting further infringement of the '527 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

37.    Defendant also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continues to infringe the '527 Patent through making, using, selling, offering to sell and/or importing Accused Products with knowledge that these activities infringe the '527 Patent. Boomcloud is therefore entitled to enhanced damages.

38.    Boomcloud's '527 Patent is valid and enforceable.

## <u>COUNT III</u>

11

## INFRINGEMENT OF U.S. PATENT NO. 10,313,820

39. Boomcloud realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

40. Boomcloud owns all rights, title, and interest in U.S. Patent No. 10,313,820 ("'820 Patent"), titled "Sub-band Spatial Audio Enhancement." The '820 Patent was duly and legally issued by the United States Patent and Trademark Office on June 4, 2019. A true and correct copy of the '820 Patent is attached as **Exhibit 5.**

41. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports electronic devices supporting spatial audio ("Accused Products") including, without limitation, the Samsung Galaxy Tab S10 FE , S10, S10 5G, S10 Lite, S10e, S20, S20 5G, S20 FE, S20 FE 5G, S20 Ultra, S20 Ultra 5G, S20+, S21, S21 5G, S21 FE, S21 FE 5G, S21 Ultra, S21 Ultra 5G, S21+, S21+ 5G, S22, S22 Ultra, S22 5G, S22+, S22+ 5G, S23, S23+, S23 5G, S23 Ultra, S24, S24 Ultra, S24+, S25, S25 Ultra, S25+, Note 10, Note 10+, Note 10+ 5G, Note 20, Note 20 Ultra 5G, A52, A52 5G, A53 5G, A54 5G, A55 5G, Z Flip 3, Z Flip 4, Z Flip 5, Z Flip 6, Z Fold 2, Z Fold 3, Z Fold 4, Z Fold 5, and Z Fold 6 models, alone or in combination with audio accessories including Galaxy Buds3 Pro, Buds3, Buds2, Buds2 Pro, Buds Pro, Buds3 FE, and Buds Live, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '820 Patent.

42. The Accused Products satisfy all claim limitations of one or more claims of the '820 Patent, including claim 1. A claim chart comparing independent claim 1 of the '820 Patent to a representative Accused Product, is attached as **Exhibit 6**, which is hereby incorporated by reference in its entirety.

43. Defendant also knowingly and intentionally induces infringement of one or more

12

claims of the '820 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint and/or earlier, as set forth above, Defendant has had knowledge of the '820 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '820 Patent, Defendant continues to make, use, sell, and/or offer for sale the Accused Products, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the Accused Products in ways that directly infringe the '820 Patent (for example, through user manuals and instruction materials on its website and/or otherwise provided to customers). Defendant does so knowing and intending that these companies and their customers will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '820 Patent, thereby specifically intending for and inducing its customers to infringe the '820 Patent through the customers' normal and customary use of the Accused Products. Defendant also knew or was willfully blind that its actions would induce direct infringement by others and intended that its actions would induce direct infringement by others. Accordingly, a reasonable inference is that Defendant specifically intended for others, such as its authorized third parties, end users, or customers, to directly infringe one or more claims of Boomcloud's '820 Patent in the United States because Defendant had knowledge of the '820 Patent and actively induced others (*e.g.,* its customers) to directly infringe the '820 Patent.

44.    Defendant has also infringed, and continues to infringe, claims of the '820 Patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Products, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention. Defendant knows the components in the Accused Products to be especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial non-infringing use.

13

Accordingly, Defendant has been, and currently is, contributorily infringing the '820 patent, in violation of 35 U.S.C. § 271(c).

45.    Defendant's infringement of the '820 Patent has been willful. Defendant had pre-suit knowledge of the Asserted Patents and their relevance to Defendant's spatial-audio products through licensing discussions with Boomcloud and nevertheless infringes in conscious disregard of Boomcloud's patent rights.

46.    By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Boomcloud and is liable for infringement of the '820 Patent pursuant to 35 U.S.C. § 271.

47.    As a result of Defendant's infringement of the '820 Patent, Boomcloud is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

48.    Defendant's infringing activities have injured and will continue to injure Boomcloud, unless and until this Court enters an injunction prohibiting further infringement of the '820 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

49.    Defendant also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continues to infringe the '820 Patent through making, using, selling, offering to sell and/or importing Accused Products with knowledge that these activities infringe the '820 Patent. Boomcloud is therefore entitled to enhanced damages.

50.    Boomcloud's '820 Patent is valid and enforceable.

**PRAYER FOR RELIEF**

14

WHEREFORE, Boomcloud respectfully requests that this Court enter:

a.  A judgment in favor of Plaintiff that Defendant has infringed, either literally and/or under the doctrine of equivalents, each of the Asserted Patents;

b.  A judgment in favor of Plaintiff that Defendant has willfully infringed the '564, '527 and '820 Patents;

c.  A permanent injunction prohibiting Defendant from further acts of infringement of each of the '564, '527 and '820 Patents;

d.  A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of each of the Asserted Patents (including enhanced damages for willful infringement);

e.  A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

f.  A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant; and

g.  Any and all other relief as the Court may deem appropriate and just under the circumstances.

## **<ins>DEMAND FOR JURY TRIAL</ins>**

Boomcloud, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: June 17, 2026                              Respectfully submitted,

*/s/ Reza Mirzaie*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
James A. Milkey (CA SBN 281283)
jmilkey@raklaw.com
James N. Pickens (CA SBN 307474)
jpickens@raklaw.com
Jason M. Wietholter (CA SBN 337139)
jwietholter@raklaw.com
Kristopher Davis (CA SBN 329627)
kdavis@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jefferson Cummings (DC SBN 90027452)
jcummings@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

***Attorneys for Plaintiff Boomcloud 360, Inc.***

16